Case 5:20-cv-00157   Document 15   Filed on 11/09/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GERARDO SEPULVEDA | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-157 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Invoking this Court's diversity jurisdiction, Defendant State Farm Lloyds removed this action from the 111th Judicial District Court of Webb County, Texas (Dkt. No. 1). Plaintiff subsequently filed a Motion to Remand and Motion for Attorney's fees (Dkt. No. 8), in which he argues that the Court lacks diversity jurisdiction because Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff's original petition states that he seeks "monetary relief of $100,000 or less . . . ." (Dkt. No. 1-2 at 6). Plaintiff's pre-suit demand letter specifically requests $53,301.70 (Dkt No. 6-1 at 4). Defendant calculates that both potential attorney's fees and potential statutory interest make Plaintiff's actual recovery greater than $75,000 (Dkt. Nos. 1, 6). While Plaintiff disagrees with Defendant's calculations of potential attorney's fees and statutory interest, he fails to provide any evidence to show that these calculations are erroneous. Neither Plaintiff's state complaint nor his Motion to Remand contain a binding stipulation that Plaintiff's damages do not exceed $75,000. Likewise, Plaintiff's reply to his motion to remand fails to make such a

stipulation. Courts have found similar refusals to stipulate to be significant in denying a motion to remand. *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 15-CV-474, 2016 WL 8931300, at *5 (E.D. Tex. 2016).

To ensure the Court has jurisdiction over this matter, Plaintiff must—by November 20, 2020—either: (1) concede that Defendant is correct in asserting that the amount in controversy in this case exceeds $75,000; or (2) include a binding stipulation, signed by Plaintiff himself, stating that he is not seeking, nor will he accept, more than $75,000 total from Defendant in this case, exclusive of costs or interest and inclusive of any attorney's fees that may be awarded. *See Brown v. Wal-Mart Stores, L.L.C.*, No. C-10-259, 2010 WL 3501731, at *3 (S.D. Tex. Sept. 2, 2010) ("In determining whether the amount in controversy exceeds the jurisdictional limit, post-removal affidavits and stipulations may be considered if the basis for jurisdiction is ambiguous at the time of removal."). If Plaintiff files a binding stipulation, this Court will remand this case to the state court.

It is so **ORDERED**.

**SIGNED** November 9, 2020.

                                              Marina Garcia Marmolejo
                                              United States District Judge