IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GERARDO SEPULVEDA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | **CASE NO. 5:20-cv-00157** |
| **Defendant.** | § | |

## DEFENDANT STATE FARM LLOYDS' OBJECTION TO PLAINTIFF'S STIPULATION OF DAMAGES

Defendant State Farm Lloyds ("State Farm") files this Objection to Plaintiff's Stipulation of Damages (Doc. 16-1). In support, State Farm states as follows:

1. This Court's order on November 9, 2020 gave Plaintiff two options: concede that the amount in controversy in this case exceeds $75,000.00 or "include a binding stipulation, signed by Plaintiff himself, stating that *he is not seeking*, *nor will he accept*, more than $75,000 total from Defendant in this case, exclusive of costs or interest *and inclusive of any attorney's fees that may be awarded*." Doc. 15.

2. Plaintiff's stipulation does not meet the requirements of this Court's order, and it does not satisfy the requirements of a binding stipulation under Fifth Circuit precedent. Instead, the stipulation simply states "the aggregate total sum or value in controversy in this civil action does not exceed $74,999.99, exclusive of interest and costs." Doc. 16-1.

3. Plaintiff's chosen language is insufficient to act as a binding stipulation under Fifth Circuit precedent, as the sworn statement that a plaintiff will not *accept* any amount over $75,000.00 is a necessary phrase to show to a legal certainty that the plaintiff will not recover more than that amount. *See Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018);

*see also 1994 Exxon Chem. Fire v. Berry*, 558 F.3d 378, 389 (5th Cir. 2009); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Moreover, Plaintiff's failure to reference attorney's fees in his stipulation is fatal as Defendant's argument against remand is based, in part, on the attorney's fees sought in this case. *See* Doc. 6 at ¶¶ 10-12.

4. Plaintiff's stipulation does not comply with this Court's order, nor does it prove to a legal certainty that plaintiff's recovery in state court would not exceed $75,000.00. Therefore, Defendant's objection to Plaintiff's stipulation of damages should be sustained and Plaintiff's Motion to Remand should be denied.

## **PRAYER**

WHEREFORE, Defendant State Farm Lloyds requests that this Court sustain Defendant's objection to Plaintiff's stipulation of damages. Further, Defendant respectfully requests that this Court deny Plaintiff's Motion to Remand. Further, to the extent necessary, Defendant additionally re-urges its requests that Plaintiff's Motion for Attorney's Fees be denied. Defendant State Farm further prays for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

/s/ *Elizabeth Sandoval Cantu*
Elizabeth S. Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN | WORTHINGTON, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Telephone: 956-294-4800
Facsimile: 956-928-9564
Electronic Service to:
efile@ramonworthington.com
***ATTORNEY IN CHARGE FOR DEFENDANT***

**Of Counsel:**
Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax
**Electronic Service to:**
efile@ramonworthington.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was been served on all counsel of record on the 12th day of November 2020, as indicated below:

David A. Christoffel
CHRISTOFFEL LAW GROUP, P.L.L.C.
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
T: 281-429-8402
F: 281-429-8403
Christoffellawgroup@Gmail.com
*Attorney for Plaintiff*

    /s/ *Elizabeth Sandoval Cantu*
    Elizabeth Sandoval Cantu